LESTER M. CRAWFORD v. CYNTHIA A. LILLIBRIDGE and Others.[1]

May 15, 1903.

Nos. 13,401—(63).

### Specific Performance—Pleading.

Complaint in an action for specific performance of a contract to lease certain real property examined, and *held* to state a cause of action.

Appeal by defendants from an order of the district court for Hennepin county, Brooks, J., overruling a general demurrer to the complaint. Affirmed.

[1] Reported in 94 N. W. 868.

*R. J. Powell*, for appellants.

*A. D. Smith* and *Matthew Gallagher*, for respondent.

BROWN, J.

Action for specific performance of a contract. Defendants demurred to the complaint, and appealed from an order overruling the same. The complaint alleges

"That on the 30th day of April, 1902, defendants, being the owners in fee simple and possessed of"

certain real property described therein, made and entered into a contract with plaintiff by which they agreed to lease the same to him for the period of ninety-nine years upon certain specified terms and conditions. It alleges that the contract was made and entered into on the part of defendants by A. Y. Merrill, acting as their agent, who, the complaint alleges, was duly authorized to act for them. The complaint further alleges that plaintiff offered to perform and fully performed all the conditions imposed upon him by the terms of the contract, and that defendants failed and refused to perform their part. The contract was in writing, and is attached to and made a part of the complaint, all the allegations of which are admitted to be true by the demurrer.

Several objections going to the sufficiency of the complaint are made by defendants, but we see nothing fatal in any of them. It is urged that the complaint alleges the defendants' ownership of the property by inference and recital only, and not by direct and positive allegation. The pleading is not direct and positive in this respect, and is somewhat indefinite and uncertain in other respects, but, as against a general demurrer, it sufficiently alleges the ownership in defendants. Indefiniteness and uncertainty in a pleading are not grounds of demurrer. The proper remedy is by motion to strike out, or make more definite and specific.

The principal objection to the complaint, as we understand counsel for appellants, is that the contract is one for the construction of a building, and therefore unenforceable in equity. We do not construe the complaint so to charge the fact. It clearly appears from the written contract, which is attached to and made

a part of the complaint, and to which we are required to refer in construing the pleading, that there were buildings on the land at the time the contract was made; that no new ones were necessary or contemplated; that plaintiff intended to devote the property to the purposes of a theater, but to adapt them to that use it was necessary to make repairs and remodel the buildings in some respects. The fair construction of the contract makes it reasonably clear that the remodeling and repairs were to be made by plaintiff, and not by defendants. By the terms of the contract plaintiff was to expend $30,000 for that purpose, and to assist in defraying the cost thereof defendants agreed to pay $20,000. Clearly, the contract is not one calling for the construction of a building, and the cases cited by appellants are not in point. It calls for repairs, at most, and these were to be made by plaintiff.

We have examined all the other points made by appellants and conclude that the complaint makes a prima facie case, and the demurrer was rightly overruled.

Order affirmed.